IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBBIE SHERRON,                          )
                                         )
                    Plaintiff,           )
                                         )
          v.                             )          1:15CV852
                                         )
SHERIFF MICHAEL D. ANDREWS, et al.,      )
                                         )
                    Defendant(s).        )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Robbie Sherron, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names Durham County Sheriff Michael D. Andrews, "RN. Butler," a supervisor at the Durham County Detention Center, and "Correctional Care Director I," an administrator at that facility, as Defendants. Plaintiff, a former detainee at the Durham County Detention Center, alleges that, while eating on March 3, 2015, he suffered a broken tooth and filling, causing him great pain. He placed a sick call, but did not hear back within two days. He then suffered more pain, which led to an immediate examination by a nurse at the Detention Center. She scheduled him to see the dentist. However, the dentist subsequently came to the Detention Center, saw other inmates, and did not treat Plaintiff. Plaintiff alleges that he then filed grievances during March, April, and May of 2015, with the replies to the grievances stating that he had been placed on the dental sick call list. On May 6, 2015, authorites transferred Plaintiff to a state prison, where he eventually received dental treatment. He

claims that Defendants Andrews and Butler are liable for his lack of proper dental treatment at the Detention Center because they are "over" all of the grievances filed and answered. He alleges that the Defendant he refers to as "Correctional Care Director I" actually views and answers all grievances pertaining to dental sick calls and urgent dental treatment.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals

-2-

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, the claims against Defendants Andrews and Butler should be dismissed pursuant to 28 U.S.C. § 1915A(b). Only Plaintiff's claim against Correctional Care Director I should be allowed to proceed.

Plaintiff's claim is based on an alleged lack of proper dental care by Defendants.[2] In order to state a claim for wrongful medical treatment under § 1983, Plaintiff would have to show that Defendants "acted with 'deliberate indifference' (subjective) to the inmate's 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir.2008). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir.1999). Plaintiff does not allege that any of the Defendants were directly involved in his dental treatment or were responsible for performing that treatment. However, Plaintiff alleges that Correctional Care Director I actually viewed his grievances stating that he did not receive the dental care as approved and

_____

[1]Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

[2] To any extent that Plaintiff intends to raise a claim regarding Defendants' handling of the grievance process itself, these allegations do not state a claim for relief because there is no substantive due process right to a prison grievance procedure. Grieveson v. Anderson, 538 F.3d 763, 772 n.3 (7th Cir. 2008) (no substantive right to a grievance procedure); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (no right to any grievance procedure or to access any procedure voluntarily created by the State).

scheduled. Nevertheless, that person allegedly then failed to see that Plaintiff received the needed treatment. Plaintiff sets out sufficient allegations to state a claim against this Defendant. As for the other two Defendants, Plaintiff alleges only that they held positions "over" the grievance process or overseeing medical treatment in the Detention Center. He makes no allegation that they were actually aware of his condition or the lack of required treatment. Plaintiff bases his claims purely on their positions as supervisors. However, theories of *respondeat superior* or liability predicated solely on a defendant's identity as a supervisor do not exist under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Therefore, Plaintiff's claims against Andrews and Butler should be dismissed.

As for Plaintiff's request to proceed *in forma pauperis,* § 1915(b)(1) requires that he make an initial payment of $2.23. Failure to comply with this Order will lead to dismissal of the complaint.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $2.23.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of December of 2015, and thereafter each time that the amount in the account exceeds $10.00 until the $400.00 filing fee has been paid.

-4-

If an inmate has been ordered to make Prison Litigation Reform Act payments in more than one action or appeal in the federal courts, the total amount collected for all cases cannot exceed 20 percent of the inmate's preceding monthly income or trust account balance, as calculated under 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that all payments shall be designated as made in payment of the filing fee for Civil Action No. 1:15CV852, and shall be paid to the Clerk, U.S. District Court for the Middle District of North Carolina. In the event Plaintiff is transferred to another institution, the balance due shall be collected and paid to the Clerk by the custodian at Plaintiff's next institution. A copy of this Order shall be sent to Plaintiff's current custodian.

IT IS FURTHER ORDERED that this action be filed, but that further proceedings and service of summons be stayed until an Order is entered regarding the recommendation that only Plaintiff's claim against Correctional Care Director I proceed and that all other claims and Defendants be dismissed. Upon the issuance of such an Order, and if the claim is allowed to proceed, the Clerk should refer the matter to the undersigned for a further Order pertaining to service of the Complaint.

IT IS RECOMMENDED that Plaintiff's claims against Defendants Andrews and Butler be dismissed pursuant to 28 U.S.C. § 1915A and § 1915(e)(2) based on Plaintiff's

failure to state a claim against them, but that his claim against Correctional Care Director I be allowed to proceed under the terms set out above.

This, the 3rd day of November, 2015.


                                    _____/s/ L. Patrick Auld_____
                                           **L. Patrick Auld**
                                    **United States Magistrate Judge**