**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| ROBBIE SHERRON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15cv852 |
| | ) | |
| CORRECTION CARE DIRECTOR I, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge for a recommendation on "Defendant Correction Care Director I's Motion to Dismiss" (Docket Entry 16) (the "Motion to Dismiss"), as well as for orders on "Plaintiff[']s Motion to File Amendment" (Docket Entry 21) (the "Motion to Amend")[1] and "Motion to Request Pre Trial Hearing" (Docket Entry 26) (the "Hearing Request"). For the reasons that follow, the Court (i) should deny the Motion to Dismiss, (ii) will grant in part and deny in part the Motion to Amend, and (iii) will deny the Hearing Request.

## BACKGROUND

"Plaintiff, Robbie Sherron, submitted a pro se complaint under 42 U.S.C. § 1983 and request[ed] permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)." (Docket Entry 3 (the

---

1 For legibility reasons, this Opinion uses standardized capitalization in all quotations from Plaintiff's filings.

"Recommendation") at 1.)[2] In the Recommendation (later adopted by the Court (per Chief United States District Judge William L. Osteen, Jr.) (Docket Entry 5 at 1)), the undersigned analyzed Plaintiff's complaint (Docket Entry 2) to determine whether it "'fail[ed] to state a claim upon which relief may be granted'" (Docket Entry 3 at 2 (quoting 28 U.S.C. § 1915A(b))). (See id. at 2-4 (conducting analysis).)

The Recommendation provides the following summary of Plaintiff's allegations:

> Plaintiff names Durham County Sheriff Michael D. Andrews, "RN. Butler," a supervisor at the Durham County Detention Center, and "Correctional Care Director I," an administrator at that facility, as Defendants. Plaintiff, a former detainee at the Durham County Detention Center, alleges that, while eating on March 3, 2015, he suffered a broken tooth and filling, causing him great pain. He placed a sick call, but did not hear back within two days. He then suffered more pain, which led to an immediate examination by a nurse at the Detention Center. She scheduled him to see the dentist. However, the dentist subsequently came to the Detention Center, saw other inmates, and did not treat Plaintiff. Plaintiff alleges that he then filed grievances during March, April, and May of 2015, with the replies to the grievances stating that he had been placed on the dental sick call list. On May 6, 2015, [authorities] transferred Plaintiff to a state prison, where he eventually received dental treatment. He claims that Defendants Andrews and Butler are liable for his lack of proper dental treatment at the Detention Center because they are "over" all of the grievances filed and answered. He alleges that the Defendant he refers to as "Correctional Care Director I" actually views and answers

---

[2] Citations herein to Docket Entry pages utilize the document's internal pagination if unified internal pagination exists. In the absence of such pagination, the Docket Entry page citations utilize the CM/ECF footer's pagination.

> all grievances pertaining to dental sick calls and urgent
> dental treatment.

(Id. at 1-2.) In evaluating whether the complaint sufficiently stated "a claim for wrongful medical treatment under § 1983" (id. at 3) against each defendant, the Recommendation concluded that "Plaintiff sets out sufficient allegations to state a claim against [Correction Care Director I]," but not against the remaining defendants (id. at 4). (See id. at 3-4.) The Court (per Chief Judge Osteen) adopted that conclusion and dismissed "Plaintiff's claims against Defendants Andrews and Butler," but permitted "Plaintiff's claim against Correction Care Director I . . . to proceed." (Docket Entry 5 at 1.)

Thereafter, the Court (per the undersigned) addressed the issue of ascertaining the identity of "Correction Care Director I" (the "Defendant"). (See Docket Entry 6.) The Court assessed the "Complaint's description of Defendant" (id. at 3), which included "identif[ying] Defendant by job title," job duties, and specific actions undertaken regarding Plaintiff. (See id. at 2-3.) Because this description sufficiently "establish[ed] that Defendant is a 'real, but unidentified' person," the Court "assist[ed] Plaintiff with identifying Defendant." (Id. at 3.) Specifically, the Court directed an attorney who "previously represented the Durham County Sheriff in similar prisoner civil rights litigation" "to file a sealed notice identifying the person that meets Plaintiff's description of Defendant 'Correction Care Director I' and providing

3

information as to an appropriate address for service of process on Defendant." (Id. at 4.) Counsel complied with this directive (see Docket Entry 8), prompting the issuance of a summons addressed to:

> SHONICA JONES
> Correct Care Services Administrator
> Durham County Detention Center
> 219 South Mangum Street
> Durham, NC 27701

(Docket Entry 9 at 1). (See Text Order dated Mar. 9, 2016.) In accordance with the Court's order (see id.), the United States Marshals Service sent (via certified mail, return receipt requested) this summons, the complaint, and Plaintiff's complaint supplement (Docket Entry 7) to Shonica Jones. (See Docket Entry 13 at 1-3.)

After receiving these materials, Defendant moved to dismiss the complaint, prompting Plaintiff's Motion to Amend. (See Docket Entries 16, 21.) Plaintiff also filed a request for a pretrial hearing to facilitate identification of additional individuals involved in "the serious deprivation the [P]laintiff suffered." (Docket Entry 26 at 1.) Plaintiff opposes the Motion to Dismiss, and Defendant opposes the Motion to Amend and Hearing Request. (See Docket Entries 20, 24, 27.)

## DISCUSSION

### I. Motion to Dismiss

Defendant seeks dismissal of this action on multiple grounds, including under Rule 12(b)(6) of the Federal Rules of Civil

4

Procedure (the "Rules"). A Rule 12(b)(6) motion "tests the sufficiency of a complaint," but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). Accordingly, in reviewing a motion to dismiss, the Court must "accept the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff." Coleman v. Maryland Court of Appeals, 626 F.3d 187, 189 (4th Cir. 2010), aff'd sub nom., Coleman v. Court of Appeals of Md., ___ U.S. ___, 132 S. Ct. 1327 (2012). The Court must also "draw all reasonable inferences in favor of the plaintiff." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir. 2011) (internal quotation marks omitted). Moreover, a pro se complaint must "be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted); but see Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (explaining that the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine [the] requirement that a pleading contain more than labels and conclusions" (internal quotation marks omitted)).

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations "to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To qualify as plausible, a claim needs sufficient factual content to support a reasonable inference of the defendant's liability for the alleged misconduct. Id. (citing Twombly, 550 U.S. at 556). The complaint need not contain detailed factual recitations, but must provide the defendant "fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (internal quotation marks and ellipsis omitted).

**A. Service Challenge**

As an initial matter, Defendant seeks dismissal on the theory that Plaintiff failed to achieve proper service upon her. (See Docket Entry 17 at 3.) In particular, Defendant argues that:

> Plaintiff's Complaint asserted claims against Defendant **Correction Care Director I**. . . . A summons was issued by the Court and was issued and addressed to "SHONICIA [sic] JONES, **Correct Care Services Administrator**." Plaintiff has named and has attempted to serve a Defendant that has no independent existence. Neither Correction Care Director I, nor Correct Care Services is an existing legal entity in North Carolina. As such, Plaintiff's process and service of process were not sufficient.

(Id. (emphasis in original).) In response, Plaintiff moves to amend his complaint to specifically identify Shonica Jones as the Defendant in this action. (See Docket Entry 21 at 1.) As discussed below, the Court will grant Plaintiff's request, substitute Shonica Jones for Correction Care Director I as the named defendant in this action, and deem all references to Defendant as references to Shonica Jones. Furthermore, if

6

Defendant's counsel refuses to accept service on her client's behalf, the Court will direct the Clerk to reissue a summons to Shonica Jones. These amendments moot Defendant's service challenge. See, e.g., Mooney v. Cato Corp., No. 1:07cv76, 2007 WL 2406961, at *1 (M.D.N.C. Aug. 20, 2007) ("As a matter of law, defendant's Motion to Dismiss is mooted by the filing of the Amended Complaint.").

### B. Rule 12(b)(6) Challenges

In addition, Defendant raises myriad Rule 12(b)(6) challenges to "Plaintiff's claims [sic] against Defendant pursuant to 42 U.S.C. § 1983," "Plaintiff['s conspiracy] . . . claim pursuant to 42 U.S.C. § 1985," and "Plaintiff's claims against Defendant for inadequate grievance policy" (Docket Entry 17 at 5, 9, 10 (emphasis and all-cap font omitted)). (See id. at 5-11.) Given previous rulings (see Docket Entries 3, 5), Plaintiff's § 1983 claim against Defendant for her alleged deliberate indifference to Plaintiff's serious medical needs constitutes the only claim in this action. As such, Defendant's contentions regarding the purported conspiracy claim, inadequate grievance policy claims, and supervisory § 1983 claim qualify as moot. See Simmons v. United Mortg. & Loan Inv., LLC, 634 F.3d 754, 763 (4th Cir. 2011) (observing that "[t]he doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction" and occurs "when the issues

7

presented are no longer 'live'" (internal quotation marks omitted)).

Defendant next seeks dismissal of Plaintiff's § 1983 claim on the grounds that it fails to state a claim. (See Docket Entry 17 at 5-9.) In this regard, Defendant maintains that "Plaintiff failed to allege that he was deprived of a specific constitutional right" by "any state actor" (id. at 6) and also failed to sufficiently allege that he possessed a serious medical condition in regard to which Defendant displayed deliberate indifference (id. at 7-9). As a preliminary matter, however, Plaintiff alleges that "[he] was deprived [of] his Eighth Amendment constitutional right to be free from cruel and unusual punishment" by Defendant (Docket Entry 7 at 2), an administrator at the Durham County Detention Center (Docket Entry 2 at 3). Thus, contrary to Defendant's contention, Plaintiff alleges deprivation of a specific constitutional right by a state actor.[3]

---

3 Based on the allegations in Plaintiff's supplement, it appears that some of the alleged deprivation of dental treatment occurred during Plaintiff's incarceration as a pretrial detainee. (See Docket Entry 7 at 2 (alleging that "Plaintiff was convicted on date 05/04/2015"); Docket Entry 7-2 at 1-2 (identifying conviction date of May 4, 2015).) Courts evaluate pretrial detainees' conditions of confinement in state custody under the Due Process Clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 (1979). "The due process rights of a pretrial detainee are at least as great as the [E]ighth [A]mendment protections available to the convicted prisoner." Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988). These rights include receiving appropriate medical care. See City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244-45 (1983). At present, the same analysis applies to § 1983 wrongful medical treatment claims under the

8

Moreover, "[i]t is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993). To establish an Eighth Amendment claim for wrongful medical treatment under § 1983, Plaintiff must show that Defendant "acted with 'deliberate indifference' (subjective) to the inmate's 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). A medical need qualifies as serious if it "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. A defendant displays deliberate indifference where she possesses knowledge of the risk of harm to an inmate and knows that her "actions were insufficient to mitigate the risk of harm to the inmate arising from his medical needs." Id. (emphasis and internal quotation marks omitted).

"[D]eliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835

---

Fourteenth Amendment as the Eighth Amendment. See Duff v. Potter, No. 1:15-cv-26, 2016 WL 1615684, at *5 & n.4 (W.D.N.C. Apr. 22, 2016) (noting that "[t]he Supreme Court in Kingsley[ v. Hendrickson, ___ U.S. ___, 135 S. Ct. 2466 (2015)] did not explicitly extend the objective reasonableness standard for excessive force claims to other claims brought by pretrial detainees, including deliberate indifference claims").

9

(1994). "'A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain.'" Abraham v. McDonald, 493 F. App'x 465, 466 (4th Cir. 2012) (quoting McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010)). As such, "institutional personnel" can display deliberate indifference through their response "to an inmate's medical needs, including ignoring an inmate's serious condition or delaying medically necessary treatment." Id. Therefore, a delay in providing dental treatment can establish a § 1983 claim. See, e.g., McGowan, 612 F.3d at 640-41 (concluding that allegations established a § 1983 claim where "[the plaintiff] was forced to wait three months to see a dentist after he first complained of dental pain"); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989) ("'Dental care is one of the most important medical needs of inmates.'" (quoting Ramos v. Lamm, 639 F.2d 559, 576 (10th Cir. 1980))); Wilson v. Coleman, No. 7:09cv325, 2009 WL 3055268, at *4 (W.D. Va. Sept. 24, 2009) (explaining that "[d]elay in dental treatment for a known condition that presents a serious risk can become a constitutional violation, depending on the circumstances," and collecting cases), aff'd, 395 F. App'x 41 (4th Cir. 2010).

Here, Plaintiff's § 1983 claim arises from alleged deprivation of "previously approved and scheduled dental care" "for infection of the gums and teeth" associated with his missing filling, broken

10

tooth, and multiple cavities, which caused him "unnecessary chronic pain." (Docket Entry 7 at 1-2.) More specifically, Plaintiff alleges that he placed a sick call after suffering a broken tooth and filling on March 3, 2015, which caused him extreme pain, but he received no response to this sick call for two days, causing him additional pain. (Docket Entry 2 at 2, 4.) This pain provoked a "bad mood swing," which led to an immediate examination by a prison nurse, who "view[ed] the broken tooth and the filling missing and the infection" and scheduled Plaintiff to see the dentist "on the very next sick call list." (Id. at 2, 4-5.)

Thereafter, the dentist came to the jail and treated other inmates, but did not treat Plaintiff. (Id. at 5.) Plaintiff filed grievances in March, April, and May of 2015, with the replies to the grievances stating that he had been placed on the dental sick call list. (Id.) At some point after Plaintiff's transfer to a prison in May 2015, he received dental treatment. (Id.) Plaintiff suffered "pain all the way [u]ntil[] prison dental staff treated the urgent needed dental care." (Id.) Finally, Plaintiff alleges that Defendant views and answers all grievances pertaining to urgent dental treatment and dental sick calls at the Durham Detention Center. (Id. at 5, 7.)

These allegations plausibly establish that Plaintiff suffered a serious medical need, that Defendant knew of this need, and that Defendant acted with deliberate indifference regarding this need.

11

See, e.g., Boyd v. Knox, 47 F.3d 966, 969 (8th Cir. 1995) (reversing grant of summary judgment, finding a "genuine issue of material fact as to whether [the defendant] exhibited deliberate indifference to [the plaintiff's] serious medical needs" where the defendant knew of the plaintiff's dental problems and pain, but "waited three weeks to complete a referral form" for treatment by an oral surgeon); Hunt, 865 F.2d at 200 (holding that allegations "that the prison officials were aware of [the plaintiff's] bleeding gums, breaking teeth and his inability to eat properly, yet failed to take any action to relieve his pain or to prescribe a soft food diet until new dentures could be fitted" stated a § 1983 claim); Fields v. Gander, 734 F.2d 1313, 1315 (8th Cir. 1984) (finding that a three-week delay in dental treatment where prison official knew of the plaintiff's dental needs and pain established a § 1983 claim). Plaintiff therefore sufficiently alleges a § 1983 claim for Defendant's deliberate indifference to his serious dental needs, defeating Defendant's 12(b)(6) contentions.

### C. North Carolina Rule of Civil Procedure 9(j) Challenge

Finally, Defendant seeks dismissal of "Plaintiff's medical malpractice cause of action" for failure to comply with North Carolina Rule of Civil Procedure 9(j) ("Rule 9(j)"). (Docket Entry 17 at 3-4.) As noted, Plaintiff brings only a § 1983 claim against Defendant (see Docket Entries 3, 5), not a medical malpractice claim, see N.C. Gen. Stat. Ann. § 90-21.11(2)(a) (defining a

12

medical malpractice action as "[a] civil action for damages for personal injury or death arising out of the furnishing or failure to furnish professional services in the performance of medical, dental, or other health care by a health care provider"). Rule 9(j) applies only to medical malpractice claims, see N.C. R. Civ. P. 9(j), and thus lacks relevance to Plaintiff's § 1983 claim. See, e.g., Deal v. Central Prison Hosp., Civ. Action No. 5:09-CT-3182-FL, 2011 WL 322403, at *4 (E.D.N.C. Jan. 27, 2011) (dismissing medical malpractice claim for failure to comply with Rule 9(j), but denying Rule 12(b)(6) motion to dismiss § 1983 claim). Accordingly, Defendant's Rule 9(j) contention lacks merit.

In sum, Defendant fails to offer a viable argument for dismissal. The Court should therefore deny the Motion to Dismiss.

**II. Motion to Amend**

At this stage of the proceedings, Plaintiff may amend his complaint "only with the [defendant's] written consent or the [C]ourt's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 specifies that "[t]he [C]ourt should freely give leave [to amend] when justice so requires." Id. "[T]his mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citation omitted); see also Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) ("What might be a meritorious

13

claim on the part of a pro se litigant unversed in the law should not be defeated without affording the pleader a reasonable opportunity to articulate his cause of action."). The Fourth Circuit has "interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc); see also Foman, 371 U.S. at 182 (explaining that, absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.[,] the leave sought should, as the [R]ules require, be 'freely given'"). The Fourth Circuit has further explained that "absence of prejudice, though not alone determinative, will normally warrant granting leave to amend." Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980).

Defendant opposes the Motion to Amend solely on the grounds of futility. (See Docket Entry 24 at 2.) "Determining whether amendment would be futile does not involve an evaluation of the underlying merits of the case. Rather, the merits of the litigation are only relevant to the Court's ruling on a motion for leave to amend if a proposed amendment may clearly be seen to be

14

futile, such as if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." Wonasue v. University of Md. Alumni Ass'n, 295 F.R.D. 104, 107 (D. Md. 2013) (internal quotation marks and citations omitted); see also Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986) ("Leave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face.").

### A. Identification Amendment

Through the Motion to Amend, Plaintiff seeks to specifically identify Shonica Jones as the Defendant in this action. (See Docket Entry 21 at 1.) Defendant does not challenge this amendment on the grounds of misidentification (i.e., that the allegations against Defendant in the complaint do not describe Shonica Jones); instead, Defendant opposes this request on the grounds that, "Plaintiff's Motion to Amend failed to identify or plead any new facts or allegations sufficient to state a claim for relief for violation of civil rights pursuant to 42 U.S.C. §§ 1983 and 1985. Further, Plaintiff's proposed amendments do not remedy his failure to comply with the heightened pleading requirements as set forth in Rule 9(j) . . . ." (Docket Entry 24 at 2.)

For the reasons discussed above, Plaintiff's complaint sufficiently alleges a § 1983 claim, and (because the Court has construed this action as only raising a claim under § 1983)

15

Defendant's contentions regarding § 1985 and Rule 9(j) lack merit. Moreover, counsel for the Durham County Sheriff identified Shonica Jones as the individual who fit the complaint's description of Defendant. (See Text Order dated Mar. 9, 2016.) Thus, the Court concludes that Plaintiff's requested amendment does not qualify as futile. The Court will therefore grant Plaintiff's request, substitute Shonica Jones for Correction Care Director I as the named defendant in this action, and deem all references to "Correction Care Director I" or "Director" in the complaint and supplement as references to Shonica Jones.

### B. Discovery Requests

In the Motion to Amend, Plaintiff also contends that additional as-yet-unidentified individuals participated in the alleged deprivation of his constitutional rights. (Docket Entry 21 at 1-2; Docket Entry 22 at 2.) To enable identification of these individuals and substantiation of his § 1983 claim, Plaintiff asks the Court to authorize subpoenas to the Durham County Detention Center and other state prisons for copies of his dental records and the grievances he filed regarding the needed dental treatment. (Docket Entry 21 at 1-2; Docket Entry 22 at 1-3.) Plaintiff additionally "request[s] a court order for the proper disclosure" of the identities of these unidentified individuals. (Docket Entry 21 at 2.)

16

These discovery-related requests are premature, as the Court has not yet established a case-management schedule (and service of process of the amended complaint upon Shonica Jones has not yet occurred). After the Court authorizes discovery through the establishment of the case-management schedule, Plaintiff may pursue proper discovery related to these matters. Accordingly, the Court will deny as premature the discovery aspects of Defendant's Motion to Amend.[4]

### III. Hearing Request

Finally, Plaintiff requests a pretrial hearing (i) to identify the "other remaining defendants" that participated in the alleged incident (Docket Entry 26 at 1), including their names and job titles (Docket Entry 28 at 1), as well as (ii) to obtain "copies of medical and dental records that Durham County Jail holds" (id.). As with the discovery aspects of the Motion to Amend, these discovery requests qualify as premature. Moreover, a pretrial hearing does not constitute the appropriate method for obtaining the requested information. Instead, after the Court establishes a case-management schedule, Plaintiff will need to seek this information through appropriate discovery devices. Accordingly, the Court will deny the Hearing Request.

---

4 The Court will also deny without prejudice any request in the Motion to Amend to add the currently unidentified putative defendants to this action. If, during the course of discovery, Plaintiff identifies any additional defendants, he may timely seek leave to amend his complaint to add such individuals.

17

**CONCLUSION**

Plaintiff sufficiently alleged a § 1983 claim against Defendant, and Shonica Jones has been identified as the individual matching the complaint's description of Defendant. Accordingly, Defendant's Motion to Dismiss lacks merit, and Plaintiff will be permitted to substitute Shonica Jones as the named Defendant in this action. Finally, Plaintiff may not conduct discovery via a hearing, and Plaintiff's discovery requests remain premature at this stage of the litigation.

**IT IS THEREFORE RECOMMENDED** that the Motion to Dismiss (Docket Entry 16) be **DENIED.**

**IT IS ORDERED** that the Motion to Amend (Docket Entry 21) is **GRANTED IN PART** and **DENIED IN PART WITHOUT PREJUDICE**, in that Shonica Jones is substituted for Correction Care Director I as the named defendant in this action, and all references to "Correction Care Director I" or "Director" in the complaint and supplement shall be deemed as references to Shonica Jones, but all other relief is denied.

**IT IS FURTHER ORDERED** that, by October 31, 2016, counsel for Defendant shall file a notice with the Court either confirming counsel's willingness to accept service of process on behalf of Shonica Jones (which, in the interest of efficiency, the Court then will carry out for Plaintiff via the CM/ECF system) or setting forth a proper service address for Shonica Jones. If Defendant's

counsel chooses to file a notice containing a proper service address for said Defendant, the Clerk shall prepare a proper summons for Shonica Jones for service by the United States Marshal.

**IT IS FURTHER ORDERED** that the Hearing Request (Docket Entry 26) is **DENIED**.

This 17th day of October, 2016.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**