```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

ROBBIE SHERRON,                )
                               )
          Plaintiff,           )
                               )
     v.                        )        1:15CV852
                               )
SHONICIA JONES,                )
Correction Care Director I,    )
                               )
          Defendant.           )

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Presently before this court is a Motion for Summary Judgment filed by Defendant Shonicia Jones ("Defendant") Motion for Summary Judgment. (Doc. 74.) Defendant has filed a brief in support of her motion, (Doc. 75 (corrected)), and Plaintiff Robbie Sherron ("Plaintiff") has responded, (Doc. 108).[1] This matter is ripe for adjudication and, for the reasons set forth herein, Defendant's motion will be denied.

---

[1] Defendant's Motion for Summary Judgment was denied by this court as untimely, (Doc. 95), and Defendant's subsequent Motion for Reconsideration as to this Order, (Doc. 96), was also denied by this court, (Doc. 100). At the April 16, 2018 settlement conference, this court "reopen[ed] Summary Judgment briefing for the limited purpose of allowing pro se plaintiff to respond by 5/8/18 to Motion for Summary Judgment regarding the issue of deliberate indifference to serious medical needs only." (04/16/2018 Docket Entry.) No reply was permitted. (Id.)

I.  **FACTUAL BACKGROUND**

The facts underlying this dispute, presented in the light most favorable to Plaintiff, are as follows:[2] Plaintiff is a former detainee at the Durham County Detention Center who, on March 3, 2015, suffered a broken tooth, missing filling, and multiple cavities while in custody which caused him great pain. (Def.'s Mot. for Summ. J., Attach. 1, Aff. of Gerald Edwin Welch, M.D., ("Welch Aff."), Ex. 3 (Doc. 74-1) at 30-38.) After submitting a sick call request on March 3, Plaintiff was examined on March 4 by a nurse who observed the missing filling and visual evidence of decay and referred Plaintiff to a dental provider for evaluation. (Id.) This referral placed Plaintiff on a wait-list in which patients are seen in the order they are put on the list, except in emergency situations. (Def.'s Mot. for Summ. J., Attach. 2, Aff. of Shonicia Jones, RN (Doc. 74-2) ¶ 6; Attach 1, Welch Aff. (Doc. 74-1) ¶ 8.) After the referral, Plaintiff filed a number of medical grievances, which reflect, among other things, that Plaintiff never saw a dentist at the Durham County Detention Center. (See, e.g., Exs. 6-8 attached to Welch Aff. (Doc. 74-1) at 76-84.) In May 2015, Plaintiff was

---

[2] A more detailed summary of Plaintiff's allegations is contained in the Magistrate Judge's October 17, 2016 Memorandum Opinion, Order, and Recommendation and is incorporated by reference herein. (See generally Mem. Op. (Doc. 30).)

transferred to another facility where he saw a dentist who pulled one of his teeth and later treated him for a broken tooth. (Declaration by Robbie Sherron ("Pl.'s Decl."), Ex. A, Medical Records (Doc. 109-1) at 21, 24.)

While Defendant's brief points to various unrelated medical attention Plaintiff received at the detention center and disputes as to a co-pay stemming from Plaintiff's initial sick call request regarding his dental problems, (Mem. of Law in Supp. of Def.'s Mot. for Summ. J. (Doc. 75) at 8-11.), it is unclear why Plaintiff never saw a dentist while detained at the Durham County Detention Center. For the reasons outlined below, this court finds this evidence to give rise to a genuine issue as to a material fact.

## II. LEGAL STANDARD

Summary judgment is appropriate where an examination of the pleadings, affidavits, and other proper discovery materials before the court demonstrates that no genuine issue of material facts exists, thus entitling the moving party to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). The moving party bears the burden of initially demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323.

If the moving party has met that burden, then the nonmoving party must persuade the court that a genuine issue remains for trial. However, this requires "more than simply show[ing] that there is some metaphysical doubt as to the material facts"; the "nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986) (citations omitted). In considering a motion for summary judgment, the court is not to weigh the evidence, but rather must determine whether there is a genuine dispute as to a material issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

The court must view the facts in the light most favorable to the nonmoving party, drawing inferences favorable to that party if such inferences are reasonable. Anderson, 477 U.S. at 255. However, there must be more than a factual dispute; the fact in question must be material, and the dispute must be genuine. Fed. R. Civ. P. 56(c); Anderson, 477 U.S. at 248. A dispute is only "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

## III. **ANALYSIS**

As outlined in detail by the Magistrate Judge's October 17, 2016 Memorandum Opinion, Order, and Recommendation, Plaintiff asserts an Eighth Amendment[3] claim of wrongful medical treatment under 42 U.S.C. § 1983. (Mem. Op., Order, & Recommendation of U.S. Magistrate Judge ("Mem. Op.") (Doc. 30) at 1, 3.) To establish this claim, Plaintiff must show that Defendant "acted with 'deliberate indifference' (subjective) to the inmate's 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (citing Estelle v. Gamble, 429 U.S. 97, 107 (1976)); accord Adams v. Ferguson, 884 F.3d 219, 227 (4th Cir. 2018).

"An official is deliberately indifferent to an inmate's serious medical needs only when he or she subjectively 'knows of and disregards an excessive risk to inmate health or safety.'" Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)). Deliberate indifference "is a higher standard for culpability than mere

---

[3] As the Magistrate Judge noted, because some of the alleged § 1983 deprivations took place while Plaintiff was a pre-trial detainee, his claim is evaluated in part under the due process clause of the Fourteenth Amendment. (Mem. Op. (Doc. 30) at 8 n.3 (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979)).) Because, as the Magistrate Judge noted, the same analysis applies to § 1983 wrongful medical treatment claims under the Fourteenth Amendment and the Eighth Amendment, this court considers Plaintiff's claims by reference to the Eighth Amendment alone.

- 5 -

negligence or even civil recklessness, and as a consequence, many acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference." Id. (citing Estelle, 429 U.S. at 106). "A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." Abraham v. McDonald, 493 F. App'x 465, 466 (4th Cir. 2012) (quoting McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010)); see also Berry v. Peterman, 604 F.3d 435, 437, 441-44 (7th Cir. 2010) (finding summary judgment in favor of a defendant inappropriate where a reasonable jury could find that a two-month delay in dental care which ultimately required a root canal constituted deliberate indifference); Boyd v. Knox, 47 F.3d 966, 969 (8th Cir. 1995) (finding summary judgment in favor of a defendant to be inappropriate where a genuine issue of material fact existed as to whether a three-week delay in dental care constituted deliberate indifference); Stack v. McCotter, 79 F. App'x 383, 387, 392 (10th Cir. 2003) (finding a genuine issue of material fact to exist as to whether a seven-month delay in dental care constituted deliberate indifference).

While it is undisputed that Plaintiff was referred to a dentist and placed on a waiting list, a genuine issue of material fact exists as to why Plaintiff never saw a dentist at

the Durham County Detention Center. For this reason, this court will deny Defendant's Motion for Summary Judgment.

## IV. CONCLUSION

For the reasons set forth herein,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, (Doc. 74), is **DENIED.**

This the 29th day of May, 2018.

                                         /s/ William L. Osteen, Jr.
                                         United States District Judge